WILLIAM THOMPSON *versus* WILLIAM MANSFIELD.

A *partial* failure alone of title to land conveyed constitutes no defence to a note given in payment of it.

This is an action of assumpsit upon a promissory note, and comes before the full court upon REPORT by APPLETON, J.

The facts contained in the report are very clearly recited in the opinion of the court, and a more extended statement is unnecessary for a full understanding of the case.

*N. H. Hubbard*, counsel for the plaintiff.

*J. G. Dickerson*, counsel for the defendant.

Rice, J.   Assumpsit on a promissory note, the execution of which is admitted.

The defence is a failure of consideration.

The parties are coterminous proprietors, having derived their title to their respective lots from the same original source; the defendant's grant having been first made by the original proprietor.   The plaintiff claims that the defendant had encroached upon his lot, and was then in the occupation of a portion of his land.   The matter was referred by parol, and the referees found that the defendant had encroached upon the plaintiff, and for the land which he thus had in possession claimed by the plaintiff the note in suit was given, the plaintiff giving the defendant a warranty deed of the same. The defendant now alleges that he acted under a mistake of fact as to the location of the divisional line; that he, in fact, had none of the plaintiff's land in his possession, and therefore the note in suit was wholly without consideration.

The defendant's lot is sixty feet wide upon the street, and one hundred feet deep.   Two surveys of the line in dispute have been made; one by Mr. Treat, by which the settlement was made out of which the note originated; the other by A. P. Palmer, Esq., by order of court.   Jones' corner seems to have been assumed as a starting point by both surveyors, and the different results to which they arrive was manifestly occasioned by the different point at which they located that corner.   Mr. Treat found that corner by surveying the side lines of the lots in that vicinity; Mr. Palmer by having it pointed out to him by Mr. Jones.   Treat's survey brought the dividing line between the parties about five feet further south than Palmer's.   The evidence reported does not show very clearly which of these surveys is entitled to preference. But there is another piece of testimony which conclusively settles the rights of the parties so far as this case is concerned.

The defendant testified that he occupied the south-east corner of his lot by putting a building on the same immediately after he purchased it; that when he put another story upon this building the old stake in that corner was standing, and the top of it was crowded south-easterly by the building, possibly an inch or two; that a Mr. Grant, who put this story on the old building, measured from this corner to the stake in the north-east corner of the lot, on the road, and found it to be sixty feet, and that the part of the building which stands upon the land in controversy, was put up about eighteen years ago.

Mr. Palmer testified that the defendant's building is sixty feet, four and a half inches long on the road. Now assuming that the south-east corner of the original building and the stake, of which the defendant testifies, were in the south-east corner of his lot, or even an inch or two over it, which the plaintiff does not concede, his building will then extend upon the land of the plaintiff by from two and a half to four inches. This is decisive of the case, because the failure of title would not be total; it being the settled law of this state that a partial failure alone of title to land conveyed constitutes no defence to a note given in payment of it. Morrison v. Jewell, 34 Maine R., 146; Jenness v. Parker, 289.

*Defendant defaulted.*

TENNEY, C. J., HATHAWAY and APPLETON, J. J., concurred in the result.